UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

WEST COAST SERVICING, INC.,

                        Plaintiff,

                                                    1:19-CV-1193
v.                                                  (GTS/CFH)

SHERRY A. GIAMMICHELE, a/k/a, Sherry A. Whitman
a/k/a Sherry Anne Polinsky; MARK A. GIAMMICHELE;
AMERICAN EXPRESS BANK, FSB; and VASSAR
BROTHERS HOSPITAL,

                        Defendants.
_____

APPEARANCES:                                        OF COUNSEL:

MARGOLIN & WEINREB LAW GROUP, LLP                   ALAN H. WEINREB, ESQ.
  Counsel for Plaintiff
165 Eileen Way, Suite 101
Syosset, NY 11791

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

Currently before the Court, in this real property foreclosure action arising under diversity

jurisdiction and filed by West Coast Servicing, Inc. ("Plaintiff") against Sherry A. Giammichele,,

Mark A. Giammichele, American Express Bank, FSB, and Vassar Brothers Hospital

("Defendants"), is Plaintiff's motion for default judgment against all Defendants pursuant to Fed.

R. Civ. P. 55(a), and Local Civil Rule 55.  (Dkt. No. 13.)  For the reasons stated below,

Plaintiff's motion is denied without prejudice.

# I.     RELEVANT BACKGROUND

## A.     Plaintiff's Complaint

Generally, liberally construed, Plaintiff's verified Complaint alleges as follows: (1) on September 13, 1994, Defendant Sherry A. Whitman, formerly known as Sherry Anne Polinsky, executed a mortgage to Ellenville National Bank to secure a sum of $95,000 and interest for a lien on the property located at 55 Sundale Road, Accord, NY 12404, which was recorded on September 13, 1994, at the Ulster County Clerk's Office; (2) on August 19, 1998, Defendant Sherry A. Giammichele ("Defendant S. Giammichele"), formerly known as Sherry A. Whitman, executed a second mortgage to Ellenville National Bank to secure a sum of $45, 124.46 and interest for a second lien on the property located at 55 Sundale Road, Accord, NY 12404, which was recorded on August 24, 1998, at the Ulster County Clerk's Office; (3) on August 19, 2003, the mortgages of September 13, 1994, and August 19, 1998, were consolidated by agreement  to form a single lien of $135,000 plus interest for a lien on the property located at 55 Sundale Road, Accord, NY 12404, which was recorded on November 4, 2003, at the Ulster County Clerk's Office; (4) on August 9, 2005, Defendant S. Giammichele and Defendant Mark A. Giammichele ("Defendant M. Giammichele") executed a third mortgage to Provident Bank to secure a sum of $101,898.57 and interest for a third lien on the property located at 55 Sundale Road, Accord, NY 12404, which was recorded on November 3, 2005, at the Ulster County Clerk's Office; (5) on August 9, 2005, the previously consolidated mortgages of September 13, 1994, and August 24, 1998, were consolidated by agreement with the mortgage of August 9, 2005, to form a single lien of $224,000.00 plus interest on the property located at 55 Sundale Road, Accord NY 12404, which was recorded on November 3, 2005, at the Ulster County Clerk's Office; (5) on August 9, 2005, Defendants S. Giammichele and M. Giammichele further executed and delivered a Note to

Provident Bank in the amount of $224,000.00; (6) on March 28, 2013, Defendants S. Giammichele and M. Giammichele modified the terms of the Consolidation Agreement of August 9, 2005, to Plaintiff, which was subsequently recorded on July 1, 2013, at the Ulster County Clerk's Office; (7) Plaintiff is in physical possession and is the owner and holder of the Note and mortgage, and any applicable recording tax was duly paid at the time of recording; (8) Defendants S. Giammichele and M. Giammichele failed to comply with the terms and provisions of the modified mortgage by failing to make monthly payments due on August 1, 2018, and the default continues to date; and (9) Plaintiff has complied with the contractual provisions of the loan documents by issuing the proper Default Notices under  New York Real Property Actions and Proceedings Law ("NY RPAPL").  (*See generally* Dkt. No. 1.)

Generally, based on these factual allegations, Plaintiff's verified Complaint requests a Judgment declaring as follows: (1) that each Defendant, and all persons under them, be barred and foreclosed of and from all estate, right, title, interest, claim, lien and equity of redemption of, in and to the mortgaged premises and each and every part and parcel thereof; (2) that the premises may be sold in one parcel; (3) that the monies arising from the sale thereof may be brought into Court; (4) that Plaintiff may be paid the amount due on the Note and mortgage, with interest and late charges to the time of such payment and the expenses of such sale, plus reasonable attorney's fees, together with the costs, allowances, and disbursements of this action, and any sums from the dates incurred by Plaintiff pursuant to any term or provision of the Note and mortgage, or to protect the lien on Plaintiff's mortgage, together with interest upon those sums from the dates of the respective payments and advances thereof; (5) that the Court forthwith appoint a receiver of rents and profits of said premises during the pendency of this

3

action with the usual powers and duties; (6) that Defendants S. Giammichele and M. Giammichele may be adjudged to pay the whole residue (unless discharged of this debt by the United States Bankruptcy Court), or so much thereof as the Court may determine to be just and equitable, of the debt remaining unsatisfied after the sale of the mortgaged premises and the application of the proceeds pursuant to the directions contained in such judgment; (7) that other lien(s) shall not be merged into Plaintiff's cause(s) of action in the event that Defendants possess any other lien(s) against the mortgaged premises, either by way of judgment, junior mortgage or otherwise; (8) that Plaintiff shall be permitted to enforce those other lien(s) and/or seek determination of priority in any independent action(s) or proceeding(s), including any surplus money proceedings; (9) that an order be entered compelling the tenants to deliver possession of the premises to Plaintiff; and (10) that Plaintiff be granted other and further relief as may be just and equitable.

## B.    Procedural History

On September 25, 2019, Plaintiff served the Complaint on Defendants.  (Dkt. No. 1.)  As of the date of this Decision and Order, Defendants have filed no Answer to that Complaint.  (*See generally* Docket Sheet.)  On October 24, 2019, Plaintiff filed a request for entry of default against Defendant American Express Bank, FSB, Defendant M. Giammichele, and Defendant S. Giammichele.  (Dkt. No. 8.)  On October 24, 2019, the Clerk of the Court entered default against Defendant American Express Bank, FSB, Defendant M. Giammichele, and Defendant S. Giammichele.  (Dkt. No. 9.)  On October 28, 2019, Plaintiff filed a request for entry of default against Defendant Vassar Brothers Hospital.  (Dkt. No. 10.)  On October 28, 2019, the Clerk of Court entered a default against Defendant Vassar Brothers Hospital.  (Dkt. No. 11.)  On

November 11, 2019, Plaintiff filed a motion for default judgment against Defendants, pursuant to Fed. R. Civ. P. 55(a) and N.D.N.Y. L.R. 55.2(a).  (Dkt. No. 13.)  On November 12, 2019, Plaintiff served the motion on Defendants.  (Dkt. No. 14.)  As of the date of this Decision and Order, no Defendant has responded to the motion, attempted to cure any of the entries of default, or even appeared.  (*See generally* Docket Sheet.)

## II.    RELEVANT LEGAL STANDARD

"Federal Rule of Civil Procedure 55 provides a two-step process that the Court must follow before it may enter a default judgment against a defendant."  *Robertson v. Doe*, 05-CV-7046, 2008 WL 2519894, at *3 (S.D.N.Y. June 19, 2008).  "First, under Rule 55(a), when a party fails to 'plead or otherwise defend . . . the clerk must enter the party's default.'"  *Robertson*, 2008 WL 2519894, at *3 (quoting Fed. R. Civ. P. 55[a].  "Second, pursuant to Rule 55(b)(2), the party seeking default judgment is required to present its application for entry of judgment to the court."  *Id*.  "Notice of the application must be sent to the defaulting party so that it has an opportunity to show cause why the court should not enter a default judgment."  *Id*. (citing Fed. R. Civ. P. 55[b][2]).  "When an action presents more than one claim for relief . . . the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties . . . if the court expressly determines that there is no just reason for delay."  Fed. R. Civ. P. 54(b).

When a court considers a motion for the entry of a default judgment, it must "accept[ ] as true all of the factual allegations of the complaint . . . ."  *Au Bon Pain Corp. v. Artect, Inc*., 653 F.2d 61, 65 (2d Cir. 1981) (citations omitted).  "However, the court cannot construe the damages alleged in the complaint as true."  *Eng'rs Joint Welfare, Pension, Supplemental Unemployment Benefit and Training Funds v. Catone Constr. Co., Inc*., 08-CV-1048, 2009 WL 4730700, at *2

(N.D.N.Y. Dec. 4, 2009) (Scullin, J.) (citing *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 [2d Cir. 1999] [citations omitted]).  "Rather, the court must 'conduct an inquiry in order to ascertain the amount of damages with reasonable certainty.'"  *Eng'rs Joint Welfare, Pension, Supplemental Unemployment Benefit and Training Funds*, 2009 WL 4730700, at *2 (quoting *Alcantara*, 183 F.3d at 155 [citation omitted]).  This inquiry "involves two tasks: [1] determining the proper rule for calculating damages on such a claim, and [2] assessing plaintiff's evidence supporting the damages to be determined under this rule."  *Alcantara*, 183 F.3d at 155. Finally, in calculating damages, the court "need not agree that the alleged facts constitute a valid cause of action . . . ." *Au Bon Pain*, 653 F.2d at 65 (citation omitted).

Under N.D.N.Y. L.R. 55.2(a), when requesting an entry of default judgment from the Clerk of the Court, the moving party must submit (a) the Clerk's certificate of entry of default, (b) a statement showing the principal amount due (not to exceed the amount demanded in the Complaint and giving credit for any payments with the dates of payments), (c) a computation of the interest to the day of judgment, (d) a per diem rate of interest, (e) the costs and taxable disbursements claimed, and (f) an affidavit of the moving party or the party's attorney. N.D.N.Y. L.R. 55.2(a).  The appended affidavit must show that (a) the party against whom judgment is sought is not an infant or incompetent person, (b) the party against whom judgment is sought is not in military service, (c) the party against whom judgment is sought has defaulted in appearance in the action, (d) service was properly effected under Fed. R. Civ. P. 4, (e) the amount shown in the statement is justly due and owing and no part has been paid except as set forth in the party's other statement, and (f) disbursements sought to be taxed have been made in the action or will necessarily be made or incurred.  *Id.*

6

Under N.D.N.Y. L.R. 55.2(b), when moving for an entry of default judgment from the Court, the moving party must submit (a) the Clerk's certificate of entry of default, (b) a proposed form of default judgment, (c) a copy of the pleading to which no response has been made, and (d) an affidavit of the moving party or its attorney setting forth the facts required by N.D.N.Y. L.R. 55.2(a).  N.D.N.Y. L.R. 55.2(b).

## III.   ANALYSIS

After carefully considering whether Plaintiff is entitled to default judgment, the Court answers that question in the negative for the following reasons.

An entry of default "formalizes a judicial recognition that a defendant has, through its failure to defend the action, admitted liability to the plaintiff."  *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011).  However, "[a] court's decision to enter a default against defendants does not by definition entitle plaintiffs to an entry of a default judgment.  Rather, the court may, on plaintiffs' motion, enter a default judgment if liability is established as a matter of law when the factual allegations of the complaint are taken as true."  *Bricklayers and Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 188 (2d Cir. 2015).

Here, as an initial matter, the Court finds that Plaintiff's submissions meet the procedural requirements of Local Rule 55.2(b).  (Dkt. 13-1, at ¶ 25 [Weinreb Decl.]; Dkt. No. 13- 2 [Memo. of Law]; Dkt. No. 13-6 [Thayer Aff.].)  The Court therefore must assess whether Plaintiff has sufficiently alleged all the elements of its claim.

Pursuant to New York common law, in a mortgage foreclosure action, "a lender must prove (1) the existence of a debt, (2) secured by a mortgage, and (3) a default on that debt."  *U.S.*

*Bank, N.A. v. Squadron VCD, LLC*, 504 F. App'x 30, 32 (2d Cir. 2012); *accord, Ditech Fin. LLC*

*v. Sterly*, 15-CV-1455, 2016 WL 7429439, at *4 (N.D.N.Y. Dec. 23, 2016) (D'Agostino, J.).

Additionally, Article 13 of the New York Real Property Actions and Proceedings Law

("RPAPL") (together with N.Y. C.P.L.R. § 6511) sets forth, among other things, the following

four "procedural" requirements, which are substantive in nature: (a) the service of statutory

notice (entitled, "Help for Homeowners in Foreclosure") by the foreclosing party on the

mortgagor with the summons and complaint before the commencement of the foreclosure action

(Section 1303), (b) the service of a second statutory notice (entitled, "You May Be At Risk of

Foreclosure") by the mortgage loan servicer on the borrower at least 90 days before the

commencement of a legal action (Section 1304), (c) the filing of certain information by the

lender with the Superintendent of the New York State Department of Financial Services within

three days of mailing the second statutory notice (Section 1306), and (d) the filing of a notice of

pendency of the action (specifying, in addition to other particulars required by law, the date of

the mortgage, the parties thereto and the time and place of recording) by the plaintiff in the

clerk's office of each county where the mortgaged property is situated at least twenty days before

a final judgment directing a sale is rendered, along with  a copy of the complaint unless the

complaint has already been filed in that county (Section 1331 and N.Y. C.P.L.R. § 6511).  *Ditech*

*Fin. LLC*, 2016 WL 7429439, at *4 (citing N.Y. Real Prop. Acts. L. §§ 1303, 1304, 1306, and

1331, and N.Y. C.P.L.R. § 6511); *accord, Nationstar Mortgage LLC v. Atanas*, 285 F. Supp. 3d

618, 621-22 (W.D.N.Y. 2018).

        The evidence submitted by Plaintiff along with its motion sufficiently shows that it has

met the three common-law elements of a foreclosure action, as well as three of the four above-

described procedural requirements: the requirement that it serve the two statutory notices on the mortgagor, the requirement that it file certain information with the Superintendent of the New York State Department of Financial Services, and the requirement that it file a notice of pendency.  (Dkt. No. 1-1, at 4-9, 13-26, 28-40, 61-67, 73-74; Dkt. No. 13-4, at 2-23, 158-59.) However, Plaintiff has not shown that it either served its Complaint along with the notice of pendency or that it previously filed its Complaint at the Ulster County Clerk's Office.  *See* N.Y. C.P.L.R. § 6511(a) ("Unless it has already been filed in that county, the complaint shall be filed with the notice of pendency.").  In particular, the notice of pendency merely provides a description of the mortgaged property, which was "annexed hereto and made a part hereof." (Dkt. No. 13-4, at 159.)  Of note, courts have indicated that the failure to file a complaint with the notice of pendency renders the notice defective and void.  *See, e.g.*, *Ditech Fin. LLC*, 2016 WL 7429439, at *4-5; *Chateau Rive Corp. v. Riverview Partners, LP*, 18 A.D. 3d 492, 493 (N.Y. App. Div. 2d Dep't 2005).  As a result, the Court cannot find that Plaintiff has met all the requirements to show liability for the purposes of its motion for default judgment.  *See Ditech Fin. LLC*, 2016 WL 7429439, at *4-5 (denying motion for default judgment without prejudice where the plaintiff provided a notice of pendency with an attached legal description of the property but provided no proof that the complaint was filed with that notice of pendency).

The Court therefore denies Plaintiff's motion without prejudice.  Plaintiff may refile its motion after correcting the above-described defect.  *See Slutsky v. Blooming Grove Inn, Inc.*, 147 A.D. 2d 208, 213 (N.Y. App. Div. 2d Dep't 1989) (noting that successive notices can be filed for the purposes of prosecuting to final judgment on a foreclosure action).

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion is **<u>DENIED</u>** without prejudice.


Dated: September 2, 2020
      Syracuse, New York

Glenn T. Suddaby
Chief U.S. District Judge