UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

WEST COAST SERVICING, INC.,

                              Plaintiff,

v.                                                                    1:19-CV-1193 (GTS/CFH)

SHERRY A. GIAMMICHELE, a/k/a, Sherry A. Whitman
a/k/a Sherry Anne Polinsky; MARK A. GIAMMICHELE;
AMERICAN EXPRESS BANK, FSB; and VASSAR
BROTHERS HOSPITAL,

                              Defendants.
_____

APPEARANCES:                                                OF COUNSEL:

MARGOLIN & WEINREB LAW GROUP, LLP          ALAN H. WEINREB, ESQ.
  Counsel for Plaintiff
165 Eileen Way, Suite 101
Syosset, NY 11791

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

Currently before the Court, in this real property foreclosure action arising under diversity

jurisdiction and filed by West Coast Servicing, Inc. ("Plaintiff") against Sherry A. Giammichele

("Defendant S. Giammichele"), Mark A. Giammichele ("Defendant M. Giammichele"),

American Express Bank, FSB ("Defendant AMEX Bank"),[1] and Vassar Brothers Hospital

---

[1]     The Court notes that Defendant AMEX Bank is named as a defendant because it is a
creditor based on an Ulster County Court judgment of August 3, 2017, in the amount of
$39,698.19 in favor of Defendant AMEX Bank against Defendant S. Giammichele and
Defendant M. Giammichele and/or the property located at 55 Sundale Road, Accord, New York
12404.  (Dkt. No. 1, at 2 [Pl.'s Compl.].)  This judgment is subject to Plaintiff's existing lien on
the property located at 55 Sundale Road, Accord, New York 12404.

("Defendant Hospital")[2] (collectively, "Defendants"), is Plaintiff's renewed motion for default

judgment against Defendants pursuant to Fed. R. Civ. P. 55(a) and N.D.N.Y. L.R. 55.  (Dkt. No.

26.)  For the reasons stated below, Plaintiff's motion is granted.

## I.  RELEVANT BACKGROUND

### A.  Plaintiff's Complaint

Generally, Plaintiff's Verified Complaint alleges as follows.  On September 13, 1994,

Defendant S. Giammichele executed a mortgage to Ellenville National Bank to secure a sum of

$95,000.00 plus interest for a lien on the property located at 55 Sundale Road, Accord, New

York 12404 ("First Mortgage and Lien").  (Dkt. No. 1, at 3 [Pl.'s Compl.].)  On September 13,

1994, the First Mortgage and Lien was recorded at the Ulster County Clerk's Office.  (*Id.*)  On

August 19, 1998, Defendant S. Giammichele executed a mortgage to Ellenville National Bank to

secure a sum of $45,124.46 plus interest for a second lien on the property located at 55 Sundale

Road, Accord, New York 12404 ("Second Mortgage and Lien").  (*Id.* at 4.)  On August 24, 1998,

the Second Mortgage and Lien was recorded at the Ulster County Clerk's Office.  (*Id.*)

On August 19, 2003, the First Mortgage and Lien and Second Mortgage and Lien were

consolidated by agreement to form a single mortgage and lien in the amount of $135,000.00 plus

interest on the property located at 55 Sundale Road, Accord, New York 12404 ("First

Consolidated Mortgage and Lien").  (*Id.*)  On November 4, 2004, the First Consolidated

Mortgage and Lien was recorded at the Ulster County Clerk's Office.  (*Id.*)

---

[2]      The Court notes that Defendant Hospital is named as a defendant because it is a creditor
based on an Ulster County Court judgment of February 5, 2016, in the amount of $1,418.75 in
favor of Defendant Hospital against Defendant S. Giammichele and Defendant M. Giammichele
and/or the property located at 55 Sundale Road, Accord, New York 12404.  (Dkt. No. 1, at 3
[Pl.'s Compl.].)  This judgment is subject to Plaintiff's existing lien on the property located at 55
Sundale Road, Accord, New York 12404.

On August 9, 2005, Defendant S. Giammichele and Defendant M. Giammichele executed a mortgage to Provident Bank to secure a sum of $101,898.57 plus interest for a lien on the property located at 55 Sundale Road, Accord, New York 12404 ("Third Mortgage and Lien"). (*Id.*) On November 3, 2005, the Third Mortgage and Lien was recorded at the Ulster County Clerk's Office. (*Id.*) On August 9, 2005, the First Consolidated Mortgage and Lien and the Third Mortgage and Lien were consolidated by agreement to form a single mortgage and lien in the amount of $224,000.00 plus interest on the property located at 55 Sundale Road, Accord, New York 12404 ("Second Consolidated Mortgage and Lien"). (*Id.*) On November 3, 2005, the Second Consolidated Mortgage and Lien was recorded at the Ulster County Clerk's Office. (*Id.*)

On August 9, 2009, Defendant S. Giammichele and Defendant M. Giammichele executed and delivered a Note to Provident Bank in the amount of $224,000.00. (*Id.* at 5.) On March 28, 2013, Defendant S. Giammichele and Defendant M. Giammichele modified the terms set forth in paragraph (e) of the agreement of the Second Consolidated Mortgage and Lien. (*Id.* at 4-5.) On July 1, 2013, this modification was recorded at the Ulster County Clerk's Office. (*Id.*)

Plaintiff is in physical possession of and is the owner and holder of the Note and mortgage, and any applicable recording tax was duly paid at the time of recording. (*Id.* at 5.) Beginning on August 1, 2018, Defendant S. Giammichele and Defendant M. Giammichele failed to comply with the terms and conditions of the Second Consolidated Lien by not making monthly payments. (*Id.*) As of the date of this Decision and Order, this default has continued. (*Id.*) Plaintiff has complied with the contractual provisions set forth within the loan documents. (*Id.* at 5-6.) Specifically, Plaintiff has issued the proper Default Notices as required under New York Real Property Actions and Proceedings Law ("N.Y. R.P.A.P.L."). (*Id.*)

Generally, based on these factual allegations, Plaintiff's Verified Complaint requests that

the Court enter a judgment declaring as follows: (1) that each Defendant, and all persons under them, be barred and foreclosed of and from all estate, right, title, interest, claim, lien, and equity of redemption of, in and to the mortgaged premises and each and every part and parcel thereof; (2) that the premises may be sold in one parcel; (3) that the monies arising from the sale thereof may be brought into Court; (4) that Plaintiff may be paid the amount due on the Note and mortgage, with interest and late charges to the time of such payment and the expenses of such sale, plus reasonable attorney's fees, together with the costs, allowances, and disbursements of this action, and any sums from the dates incurred by Plaintiff pursuant to any term or provision of the Note and mortgage, or to protect the lien on Plaintiff's mortgage, together with interest upon those sums from the dates of the respective payments and advances thereof; (5) that the Court forthwith appoint a receiver of rents and profits of said premises during the pendency of this action with the usual powers and duties; (6) that Defendant S. Giammichele and Defendant M. Giammichele be adjudged to pay the whole residue (unless discharged of this debt by the United States Bankruptcy Court), or so much thereof as the Court may determine to be just and equitable, of the debt remaining unsatisfied after the sale of the mortgaged premises and the application of the proceeds pursuant to the directions contained in such Judgment; (7) that other lien(s) shall not be merged into Plaintiff's cause(s) of action in the event that Defendants possess any other lien(s) against the mortgaged premises, either by way of judgment, junior mortgage or otherwise; (8) that Plaintiff shall be permitted to enforce those other lien(s) and/or seek determination of priority in any independent action(s) or proceeding(s), including any surplus money proceeding(s); (9) that an order be entered compelling the tenants to deliver possession of the premises to Plaintiff; and (10) that Plaintiff be granted other and further relief as may be just and equitable.  (*Id.* at 7-9.)

Also, based on these factual allegations, Plaintiff's renewed motion for default judgment requests that the Court (a) appoint a referee to sell the mortgaged premises located at 55 Sundale Road, Accord, New York 12404, (b) ascertain and compute the amount due to Plaintiff for principal and interest upon the Note and Mortgage mentioned in the Verified Complaint, (c) that the Court enter judgment in favor of Plaintiff as requested within the Verified Complaint, and (d) that Plaintiff be granted other and further relief as may be just and equitable.  (Dkt. No. 26, Attach. 1, at 4-5 [Pl.'s Mem. of Law].)

**B.    Procedural History**

On September 25, 2019, Plaintiff served the Verified Complaint and Summons on Defendants.  (Dkt. Nos. 4, 5, 6, 7.)  As of the date of this Decision and Order, no Defendant has filed an Answer to that Verified Complaint.  (*See generally* Docket Sheet.)  On October 24, 2019, Plaintiff filed a request for entry of default against Defendant M. Giammichele, Defendant S. Giammichele, and Defendant AMEX Bank.  (Dkt. No. 8.)  On October 24, 2019, the Clerk of the Court entered default against Defendant M. Giammichele, Defendant S. Giammichele, and Defendant AMEX Bank. (Dkt. No. 9.)  On October 28, 2019, Plaintiff filed a request for entry of default against Defendant Hospital.  (Dkt. No. 10.)  On October 28, 2019, the Clerk of the Court entered a default against Defendant Hospital.  (Dkt. No. 11.)  On November 11, 2019, Plaintiff filed a motion for default judgment against Defendants, pursuant to Fed. R. Civ. P. 55(a) and N.D.N.Y. L.R. 55.2(a).  (Dkt. No. 13.)  On September 2, 2020, the Court issued a Decision and Order denying without prejudice Plaintiff's motion for default judgment.  (Dkt. No. 17.)  On June 10, 2021, Plaintiff filed a renewed motion for default judgment.  (Dkt. No. 26.)  As of the date of this Decision and Order, no Defendant has responded to the motion, attempted to cure any of the entries of default, or appeared.  (*See generally* Docket Sheet.)

## II.     RELEVANT LEGAL STANDARDS

### A.     Standard Governing a Motion for Default Judgment

"Federal Rule of Civil Procedure 55 provides a two-step process that the Court must follow before it may enter a default judgment against a defendant." *Robertson v. Doe*, 05-CV-7046, 2008 WL 2519894, at *3 (S.D.N.Y. June 19, 2008).  "First, under Rule 55(a), when a party fails to 'plead or otherwise defend . . . the clerk must enter the party's default.'" *Robertson*, 2008 WL 2519894, at *3 (quoting Fed. R. Civ. P. 55[a]).  "Second, pursuant to Rule 55(b)(2), the party seeking default judgment is required to present its application for entry of judgment to the court." *Id.*  "Notice of the application must be sent to the defaulting party so that it has an opportunity to show cause why the court should not enter a default judgment." *Id.* (citing Fed. R. Civ. P. 55[b][2]).  "When an action presents more than one claim for relief . . ., the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties . . . if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b).

When a court considers a motion for the entry of a default judgment, it must "accept[] as true all of the factual allegations of the complaint . . . ." *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981) (citations omitted).  "However, the court cannot construe the damages alleged in the complaint as true." *Eng'rs Joint Welfare, Pension, Supplemental Unemployment Benefit & Training Funds v. Catone Constr. Co., Inc.*, 08-CV-1048, 2009 WL 4730700, at *2 (N.D.N.Y. Dec. 4, 2009) (Scullin, J.) (citing *Credit Lyonnais Sec. [USA], Inc. v. Alcantara*, 183 F.3d 151, 155 [2d Cir. 1999] [citations omitted]).  "Rather, the court must 'conduct an inquiry in order to ascertain the amount of damages with reasonable certainty.'" *Eng'rs Joint Welfare, Pension, Supplemental, Unemployment Benefit & Training Funds*, 2009 WL 4730700, at *2 (quoting *Alcantara*, 183 F.3d at 155 [citation omitted]).  This inquiry "involves two tasks: [1]

6

determining the proper rule for calculating damages on such a claim, and [2] assessing plaintiff's evidence supporting the damages to be determined under this rule." *Alcantara*, 183 F.3d at 155. Finally, in calculating damages, the court "need not agree that the alleged facts constitute a valid cause of action . . . ." *Au Bon Pain*, 653 F.2d at 65 (citation omitted).

Under N.D.N.Y. L.R. 55.2(a), when requesting an entry of default judgment from the Clerk of the Court, the moving party must submit (a) the Clerk's certificate of entry of default, (b) a statement showing the principal amount due (not to exceed the amount demanded in the Complaint and giving credit for any payments with the dates of payments), (c) a computation of the interest to the day of judgment, (d) a per diem rate of interest, (e) the costs and taxable disbursements claimed, and (f) an affidavit of the moving party or the party's attorney. N.D.N.Y. L.R. 55.2(a).  The appended affidavit must show that (a) the party against whom judgment is sought is not an infant or incompetent person, (b) the party against whom judgment is not in military service, (c) the party against whom judgment is sought has defaulted in appearance in the action, (d) service was properly effected under Fed. R. Civ. P. 4, (e) the amount shown in the statement is justly due and owing no part has been paid except as set forth in the party's other statement, and (f) disbursements sought to be taxed have been made in the action or will necessarily be made or incurred.  *Id.*

Under N.D.N.Y. L.R. 55.2(b), when moving for an entry of default judgment from the Court, the moving party must submit (a) the Clerk's certificate of entry of default, (b) a proposed form of default judgment, (c) a copy of the pleading to which no response has been made, and (d) an affidavit of the moving party or its attorney setting forth the facts required by N.D.N.Y. L.R. 55.2(a).  N.D.N.Y. L.R. 55.2(b).

### B.     Standard Governing a Failure to Respond to a Motion

In this District, where a non-movant has willfully failed to respond to a movant's properly filed and facially meritorious memorandum of law, the non-movant is deemed to have "consented" to the legal arguments contained in that memorandum of law under Local rule 7.1(a)(3).[3]  Stated another way, when a non-movant fails to oppose a legal argument asserted by the movant, the movant may succeed on the argument by showing that the argument possesses facial merit, which has appropriately been characterized as a "modest" burden.  *See* N.D.N.Y. L.R. 7.1(a)(3) ("Where a properly filed motion is unopposed and the Court determined that the moving party has met its burden to demonstrate entitlement to the relief requested therein . . . ."); *Rusyniak v. Gensini*, 07-CV-0279, 2009 WL 3672105, at *1, n.1 (N.D.N.Y. Oct. 30, 2009) (Suddaby, J.) (collecting cases); *Este-Green v. Astrue*, 09-CV-0722, 2009 WL 2473509, at *2 & n.3 (N.D.N.Y. Aug. 7, 2009) (Suddaby, J.) (collecting cases).

## III.   ANALYSIS

### A.     Liability

After carefully considering Plaintiff's unopposed renewed motion for default judgment, the Court is satisfied that Plaintiff has met its modest threshold burden of establishing entitlement to default judgment against Defendants on the issue of liability, under the circumstances.

---

[3]      *See, e.g.*, *Beers v. GMC*, 97-CV-0482, 1999 U.S. Dist. LEXIS 12285, at *27-31 (N.D.N.Y. Mar. 17, 1999) (McCurn, J.) (deeming plaintiff's failure, in his opposition papers, to oppose several arguments by defendants in their motion for summary judgment as consent by plaintiff to the granting of summary judgment for defendants with regard to the claims that the arguments regarded, under Local Rule 7.1.[b][3]; *Devito v. Smithkline Beecham Corp.*, 02-CV-0745, 2004 WL 3691343, at *3 (N.D.N.Y. Nov. 29, 2004) (McCurn, J.) (deeming plaintiff's failure to respond to an "aspect" of defendant's motion to preclude expert testimony as "a concession by plaintiff that the court should exclude [the expert's] testimony on that ground).

For example, for the reasons stated above in Part I.B. of this Decision and Order, the

Court finds that due notice of this action and Plaintiff's two motions have been provided to

Defendants.  However, no answer has been filed and no one has appeared on behalf of

Defendants.  In addition, the Clerk has already entered default against Defendants, and Plaintiff

has served Defendants with its motions for the issuance of default judgment.  However,

Defendants have neither responded to either motion nor appeared in this action.  Finally, the

Court finds that the factual allegations in Plaintiff's Verified Complaint are sufficient to state a

claim upon which relief can be granted.  *See W.A.W. Van Limburg Stirum et al. v. Whalen et al.*,

90-CV-1279, 1993 WL 241464, at *4 (N.D.N.Y. June 29, 1993) (Munson, J.) (holding that,

"[b]efore judgment can be entered, the court must determine whether plaintiff's factual

allegations are sufficient to state a claim for relief . . . the court may exercise its discretion to

require some proof of the facts that must be established in order to determine liability").

An entry of default "formalizes a judicial recognition that a defendant has, through its

failure to defend the action, admitted liability to the plaintiff."  *City of New York v. Mickalis

Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011).  However, "[a] court's decision to enter a

default against defendants does not by definition entitle plaintiffs to an entry of a default

judgment.  Rather, the court may, on plaintiffs' motion, enter a default judgment if liability is

established as a matter of law when the factual allegations of the complaint are taken as true."

*Bricklayers and Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry &

Constr., LLC*, 779 F.3d 182, 188 (2d Cir. 2015).

Here, as an initial matter, the Court finds that Plaintiff's submissions meet the procedural

requirements of Local Rule 55.2(b).  (Dkt. No. 26, Attach. 1 [Weinreb Decl.]; Dkt. No. 26,

Attach. 2 [Pl.'s Mem. of Law]; Dkt. No. 26, Attach. 6 [Thayer Aff.].)  Next, the Court must

therefore assess whether Plaintiff has sufficiently alleged all the elements of its claim.

Pursuant to New York common law, in a mortgage foreclosure action, "a lender must prove (1) the existence of a debt, (2) secured by a mortgage, and (3) a default on that debt." *U.S. Bank, N.A. v. Squadron VCD, LLC*, 504 F. App'x 30, 32 (2d Cir. 2012); *accord*, *Ditech Fin. LLC v. Sterly*, 15-CV-1455, 2016 WL 7429439, at *4 (N.D.N.Y. Dec. 23, 2016) (D'Agostino, J.).

Additionally, Article 13 of the N.Y. R.P.A.P.L. (together with N.Y. C.P.L.R. § 6511) sets forth, among other things, the following four "procedural" requirements, which are substantive in nature: (a) the service of statutory notice (entitled, "Help for Homeowners in Foreclosure") by the foreclosing party on the mortgagor with the summons and complaint before the commencement of the foreclosure action (Section 1303), (b) the service of a second statutory notice (entitled, "You May Be At Risk of Foreclosure") by the mortgage loan servicer on the borrower at least 90 days before the commencement of a legal action (Section 1304), (c) the filing of certain information by the lender with the Superintendent of the New York State Department of Financial Services within three (3) days of mailing the second statutory notice (Section 1306), and (d) the filing of a notice of pendency of the action (specifying, in addition to other particulars required by law, the date of the mortgage, the parties thereto and the time and place of recording) by the plaintiff in the clerk's office of each county where the mortgaged property is situated at least twenty (20) days before a final judgment directing a sale is rendered, along with a copy of the complaint unless the complaint has already been filed in that county (Section 1331 and N.Y. C.P.L.R. § 6511). *Ditech Fin. LLC*, 2016 WL 7429439, at *4 (citing N.Y. Real Prop. Acts. L. §§ 1303, 1304, and 1331, and N.Y. C.P.L.R. § 6511); *accord*, *Nationstar Mortgage LLC v. Atanas*, 285 F. Supp.3d 618, 621-22 (W.D.N.Y. 2018).

The evidence submitted by Plaintiff along with its motion for default judgment and

renewed motion for default judgment sufficiently shows that it has met the three common-law elements of a foreclosure action, as well as the four above-described procedural requirements: the requirement that it serve the two statutory notices on the mortgagor, the requirement that it file certain information with the Superintendent of the New York State Department of Financial Services, and the requirement that it file the notice of pendency and complaint with the Ulster County Clerk's Office. (Dkt. No. 1, Attach. 1, at 3-9, 13-26, 28-40, 61-67, 73-74; Dkt. No. 26, Attach. 4, at 2-23, 158-59.)

Therefore, the Court finds that Plaintiff has satisfied the lightened burden for stating a claim for a mortgage foreclosure.

### B.     Damages[4]

After carefully considering Plaintiff's unopposed renewed motion for default judgment, the Court is satisfied that Plaintiff has met its modest threshold burden of establishing entitlement to default judgment against Defendants on the issue of damages, under the circumstances. The Court notes that, while generally a hearing to fix the amount of damages may be conducted, a hearing is not required where the Court has found that the record contains a basis for the damages specified in the default judgment. Here, the Court has made such a finding.

For example, in support of its damages request, Plaintiff has provided the Court with the affidavit of Kenan C. Thayer ("Thayer"), which demonstrates that Defendant S. Giammichele and M. Giammichele owes Plaintiff $189,950.00 in principal as of October 31, 2019, $72,024.57

---

[4]     The Court notes that, in its memorandum of law in support of its renewed motion for default judgment, "Plaintiff does not request to recover attorneys' fees associated with the pursuit of this action." (Dkt. No. 26, Attach. 1, at 4 [Pl.'s Mem. of Law].)

in interest as of May 24, 2021, and $30.57 in interest per day thereafter.[5]  (Dkt. No. 26, Attach. 6, at 2-5 [Thayer Aff.].)  This evidence sufficiently establishes the amount of damages on the initial and renewed motions for default judgment.

Therefore, the Court concludes that Plaintiff has met its burden of establishing a valid basis for the damages, such that a default judgment against Defendants should be awarded to Plaintiff for $261,974.57 plus pre-judgment interest from May 24, 2021, through the date of this Decision and Order (i.e., $30.57 per day).[6]

In addition, the Court finds that Plaintiff should be awarded *post-judgment* interest of $30.57 per day until the Judgment is satisfied.

### C.     Proposed Judgment of Foreclosure and Sale

In addition to submitting a proposed Judgment requesting the relief granted by this Decision and Order, Plaintiff has submitted a proposed Judgment of Foreclosure and Sale (Dkt. No. 26, Attach. 3), the terms of which the Court finds to be sufficiently explained and justified in Plaintiff's attorney affirmation.  (Dkt. No. 26, Attach. 1, at 1-5.)

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's renewed motion for default judgment against Defendant pursuant to Fed. R. Civ. P. 55(b) (Dkt. No. 26) is **GRANTED**, and it is further

**ORDERED** that the Clerk of the Court is directed to enter a Judgment in Plaintiff's favor against Defendants, jointly and severally, in the total amount of **TWO HUNDRED SIXTY-**

---

[5]     The Court notes that Thayer is a Branch Manager of West Coast Servicing, Inc., and has access to the business records relating to the loan of Defendant S. Giammichele and Defendant M. Giammichele.  (Dkt. No. 26, Attach. 6, at 2 [Thayer Aff.].)

[6]     The Court's itemized calculation of damages is as follows: (1) $189,950.00 in principal; (2) $72,024.57 in pre-judgment interest as of May 24, 2021; and (3) $30.57 in interest per day from May 24, 2021, through the date of this Decision and Order.

**ONE THOUSAND NINE HUNDRED AND SEVENTY-FOUR DOLLARS AND FIFTY-SEVEN CENTS ($261,974.57)** in principal and pre-judgment interest through May 24, 2021, plus pre-judgment interest until the date judgment is entered at a daily rate consistent with this Decision and Order, and post-judgment interest at a daily rate consistent with this Decision and Order until the date of transfer of the Referee's Deed; and it is further

**ORDERED** that the mortgaged property at 55 Sundale Road, Accord, New York 14204 (the "Property"), described in Schedule A attached hereto, which the Court finds cannot be sold in parcels, shall be sold pursuant to N.Y. R.P.A.P.L. § 1351, that a deed shall be issued in accordance with N.Y. R.P.A.P.L. § 1353(1), and that the sale proceeds should be distributed in accordance with N.Y. R.P.A.P.L. § 1354; and it is further

**ORDERED** that the Property shall be sold in one parcel at public auction to the highest bidder, as authorized under N.Y. R.P.A.P.L. § 231(1), at the <u>Steps of the Ulster County Courthouse, located 285 Wall Street, Kingston, New York 12401</u>, by <u>Robert W. Terwilliger, Esq.</u>, who is hereby appointed Referee to effectuate the sale of the Property, and that public notice of time and place of the sale be made by the Referee in compliance of N.Y. R.P.A.P.L. § 231(2)(a) and the practice of this Court, and published in <u>The Daily Freeman</u>; and it is further

**ORDERED** that the Property shall be sold in "as is" condition, defined as the condition the premises are in as of the date of sale and continuing through the date of closing, and that the sale shall be subject to the following:

    **(a)** Rights of the public and others in and to any part of the Property that lies within the bounds of any street, alley, or highway, including but not limited to restrictions and easements of record;

    **(b)** Any state of facts that an accurate, currently survey might disclose;

    **(c)** Rights of tenants, occupants, or squatters, if any.  It shall be the responsibility of the

Purchaser to evict or remove any parties in possession of the Property.  There shall be no pro-rata adjustment in favor of the Purchaser for any rents that are paid for a period after the date of the foreclosure sale; and

**(d)** The right of redemption of the United States of America, if any; and it is further

**ORDERED** that, in accordance with N.Y. R.P.A.P.L. § 1353(1), Plaintiff or any other parties to this action may become the Purchaser or Purchasers at such sale; and it is further

**ORDERED** that, at the time of sale, the Referee may accept a written bid from Plaintiff or Plaintiff's attorneys, just as though Plaintiff were physically present to submit the bid; and it is further

**ORDERED** that the term of sale, to the extent they do not contradict this Judgment or violate any law, shall be binding in all respects on the Purchaser; and it is further

**ORDERED** that, after the sale, the Referee shall deposit, in his name as Referee, the initial bid deposit in his IOLA account, in a bank or trust company authorized to transact business in New York.  This account shall be used solely to complete the closing of the sale and payment of the items referenced herein as needed; and it is further

**ORDERED** that, in accordance with N.Y. R.P.A.P.L. § 1353(1), upon payment of the purchase price, the Referee shall execute a deed to the Purchaser; and it is further

**ORDERED** that, in accordance with N.Y. R.P.A.P.L. § 1354, upon payment of the purchase price, the Referee shall make the following payments or allowances from the sale proceeds to Plaintiff:

> **FIRST:** Payment by the Referee, pursuant to N.Y. C.P.L.R. § 8003, of <u>SEVEN HUNDRED FIFTY DOLLARS ($750.00)</u>, representing the statutory fees for him conducting the sale of the Property;
>
> **SECOND:** Payment by the Referee for the costs of advertising or posting as listed on bills submitted to and certified by the Referee to be correct;
>
> **THIRD:** Payment by the Referee, in accordance with N.Y. R.P.A.P.L. § 1354(1),

to Plaintiff or its attorney for (a) the amount due to Plaintiff, (b) the costs and disbursements, and (c) an additional allowance, if awarded;

**Amount Due to Plaintiff:** <u>TWO HUNDRED SIXTY-ONE THOUSAND NINE HUNDRED SEVENTY-FOUR DOLLARS AND FIFTY-SEVEN CENTS ($261,974.54)</u> plus in principal and pre-judgment interest through May 24, 2021, plus pre-judgment interest until the date judgment is entered at a daily rate consistent with this Decision and Order, and post-judgment interest at a daily rate consistent with this Decision and Order until the date of transfer of the Referee's Deed.

**FOURTH:** Payment, in accordance with N.Y. R.P.A.P.L. § 1354(2), of all taxes, assessments, water rates and sewer rents that are liens upon the Property from any sales for unpaid taxes, assessments, or water rates and sewer rents that have not apparently become absolute with such interest or penalties which may lawfully have accrued thereon to the day of payment; and it is further

**ORDERED** that, if Plaintiff or a governmental agency is the Purchaser at sale, the Referee shall not require Plaintiff or the governmental agency to pay either a deposit or the bid amount, but shall execute and deliver to the Purchaser a Deed of the Property upon payment of the items marked as "FIRST" and "SECOND." Plaintiff or the governmental agency shall provide the Referee with proof of the amounts paid for taxes, assessments, water rates and sewer rents upon recording of the deed. The balance of the bid amount shall be applied to the amounts due to Plaintiff as specified herein and that, if after applying the balance of the bid amount there is a surplus, Plaintiff or governmental agency shall pay it to the Referee, who shall deposit the funds. In accordance with N.Y. R.P.A.P.L. § 1354(4), the Referee shall take receipts for the money so paid out by him and file them with his report of sale, and that he deposit the surplus moneys, if any, with the Treasurer of Ulster County within FIVE (5) DAYS after those surplus moneys shall be received and ascertainable, to the credit of this action, to be credit of this action, to be withdrawn only upon the order of the Court, signed by a judge of this Court; that the Referee shall make a report under oath showing the disposition of the proceeds of the sale and

accompanied by the vouchers of the persons to whom the payments were made with the Clerk of the County of Ulster within THIRTY (30) DAYS of completing the sale, and executing the proper conveyance to the Purchaser; and it is further

**ORDERED** that, if the proceeds of such sale be insufficient to pay the amount adjudged due to Plaintiff with the expenses, interests, and costs as aforesaid, the Referee shall specify the amount of such deficiency in his report of sale.  Plaintiff shall recover from Defendant the whole deficiency of so much thereof as the Court may determine to be just and equitable of the residue of the mortgaged debt remaining unsatisfied after a sale of the Property and the application of the proceeds thereof, provided a motion for a deficiency judgment shall be made as prescribed by N.Y. R.P.A.P.L. § 1371 within the time limited therein, and the amount thereof is determined and awarded by an order of this Court as provided for in said section; and it is further

**ORDERED** that the Referee make a report of sale in accordance with N.Y. R.P.A.P.L. § 1355(1), showing the disposition of the sale proceeds accompanied by the receipts for payments made and file it with the Clerk of the Court within THIRTY (30) DAYS of completing the sale; and it is further

**ORDERED** that the Purchaser at the sale be let into possession on production of the Referee's deed; and it is further

**ORDERED** that each and every Defendant in this action and all persons claiming under them, or any or either of them, after the filing of such Notice of Pendency of this action, be and they hereby are, barred and foreclosed of all right, claim, lien, title, interest and equity of redemption in the Property and each and every part thereof; and it is further

**ORDERED** that transfer tax is not a lien upon the Property or an expense of sale, but rather an expense of recording the deed.  All expenses of recording the Referee's Deed shall be

paid by the Purchaser and not the Referee from the sale proceeds.  The Purchaser shall be responsible for interest accruing on real property taxes after the date of the foreclosure sale; and it is further

**ORDERED** that the liens of Plaintiff other than the mortgage or mortgages that are the subject matter of this action are also foreclosed herein as though Plaintiff was named as a party Defendant, specifically reserving to Plaintiff its right to share in any surplus moneys as a result of such position as a lien creditor; and it is further

**ORDERED** that the proceeds of such sale, regardless of amount, shall be deemed to be in full satisfaction of the mortgage debt as authorized by N.Y. R.P.A.P.L. § 1371(3)-(4); and it is further

**ORDERED** that, by accepting this appointment, the Referee certifies that he is in compliance with Part 36 of the Rules of the Chief Judge (22 N.Y.C.R.R., Part 36), including, but not limited to, § 36.2(c) ("Disqualification from appointment") and § 36.2(d) ("Limitations on appointments based upon compensation") and, if the Referee is disqualified from receiving an appointment pursuant to the provisions of that Rule, the Referee shall notify the appointing Judge forthwith; and no fee shall be paid to such appointee until the appointee has filed all necessary Office of Court Administration forms with the Court; and it is further

**ORDERED** that, pursuant to N.Y. C.P.L.R. § 8003(b), absent application to the Court, further Court Order, and compliance with Part 36 of the Rules of the Chief Judge, the Referee shall not demand, accept or receive more than the statutory amount of SEVEN HUNDRED FIFTY DOLLARS ($750.00) otherwise payable to the Referee for the foreclosure sale stage, regardless of adjournment, delay or stay of the sale; and it is further

**ORDERED** that the Referee is prohibited from accepting or retaining any funds for

17

himself or paying funds to himself without compliance with Part 36 of the Rules of the Chief

Administrative Judge; and it is further

      **ORDERED** that the Referee appointed herein and any party entitled to service be served

with a signed copy of the Judgement of Foreclosure and Sale with Notice of Entry.

Dated: February 9, 2022
      Syracuse, New York

 

Glenn T. Suddaby
Chief U.S. District Judge

**SCHEDULE A**
**DESCRIPTION OF MORTGAGED PREMISES**

ALL that certain plot, piece, or parcel of land, situate, lying and being near Liebhardt in the Town of Rochester, County of Ulster and State of New York, and being more particularly bounded and described as follows.

BEGINNING at a point in the center of Sundale Road on the approximate division line between Great Lots 3 and 4 of the "Grote Transport" and on the northeasterly bound of lands formerly of Vernon A. Barnhart ("Barnhart");

THENCE from the said point of beginning and following the said former Barnhart bounds as indicated by the trend of a stone wall, North 43 degrees 13 minutes 35 seconds West, as the compass pointed in 1988, a distance of 218.46 feet to a point in a stone wall corner on the bounds of lands to be retained by Carol Anne and Robert Whitman ("Whitman"), the parties of the first part herein;

THENCE RUNNING along the said bounds and following the trend of a stone wall, North 49 degrees 00 minutes 50 seconds East 64.09 feet to an iron rod set in the stone wall;

THENCE further along the same North 50 degrees 46 minutes 30 seconds East 153.06 feet to an iron rod set in the stone wall;

THENCE further along the said bounds of lands to be retained by Whiteman and passing over an iron rod set at a distance of 200.35 feet, South 43 degrees 21 minutes 20 seconds East a total distance of 219.46 feet to the center of Sundale Road;

THENCE following the approximate centerline of Sundale Road along the remaining two courses and distances: South 50 degrees 08 minutes 40 seconds West 122.41 feet; and South 50 degrees 58 minutes West 95.28 feet to the point of BEGINNING.